IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
(Civil Division)

| | | |
|---|---|---|
| KARI L.D. FISHER | ) | |
| | ) | |
| Plaintiff, | ) | Civil Case No. |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Scott Bessent, Secretary | ) | |
| of the United States Department of Treasury | ) | |
| Department of the Treasury | ) | |
| 1500 Pennsylvania Avenue, NW | ) | Jury Demanded |
| Washington, D.C. 20220 | ) | |
| | ) | |
| Pam Bondi, Attorney General | ) | |
| United States Department of Justice | ) | |
| 950 Pennsylvania Avenue, N.W. | ) | |
| Washington, D.C. 20530-0001 | ) | |
| | ) | |
| U.S. Attorney's Office | ) | |
| 601 D Street, N.W. | ) | |
| Washington, D.C. 20530 | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

<u>COMPLAINT</u>

Plaintiff Kari L.D. Fisher (Plaintiff), for her Complaint against Scott Bessent, Secretary

of the Treasury, U.S. Department of the Treasury (Treasury) and Acting Commissioner of the

Internal Revenue Service, and Kenneth Kies, Acting Chief Counsel, Office of Chief Counsel –

Internal Revenue Service (Counsel), and other individuals from these and related

organizations, such as the Internal Revenue Service (Service), collectively representing her

current employer (Defendant or Agency), respectfully alleges and states as follows.

1

INTRODUCTION

This lawsuit seeks enforcement of Defendant's continuing and intentional non-compliance with a decision (Decision or Order) of the EEOC and subsequent Agency's Final Action pursuant to 29 C.F.R. § 1614.504, in which Plaintiff prevailed *pro se* after a 6-day hearing and was awarded damages and other relief for Defendant's failure to provide a reasonable accommodation of providing a glare screen for her computer screens for almost four years (Case 4 Glare Screen Claim).  Plaintiff has raised this non-compliance to the Agency, including Office of Civil Rights and Equal Employment Opportunity (OCRE) at the Treasury Department responsible for processing EEO claims, and to the Equal Employment Opportunity Commission (EEOC), thus, exhausting remedies.  Due to Agency's non-compliance, in bad faith, with the intent to circumvent the EEOC's Order, as demonstrated by Defendant's actions and assertions made to date to avoid compliance with the Order compliance, Plaintiff has been forced to seek an enforcement action as well as for related damages in litigation with nowhere else to turn to seek relief.

NATURE OF THE ACTION

1.      Plaintiff brings this enforcement action against Defendant pursuant to 29 C.F.R. § 1614.504 and other applicable law, such as the 42 U.S.C. §§ 2000ff et seq., the Rehabilitation act of 1973, as amended, 29 U.S.C. 791(c)/the Americans with Disability Act of 1990, the Civil Rights Act of 1991, related to the EEOC Decision issued in her favor after a 6-day hearing on the sole claim of Defendant's failure to provide a reasonable accommodation related to a computer screen for almost four years to Plaintiff in EEOC No. 570-2020-01151X (Case 4).

2.      As further detailed in her Prayer for Relief, Plaintiff seeks enforcement of the Order and resulting Agency's Final Action, and any other relief that is deemed fair and appropriate.  Plaintiff has incurred additional costs, including lawyer's fees, interest on expenses paid/debts incurred, such as for attorney's fees and expert witnesses, and leave used. In addition, Plaintiff has been subjected to further pain and suffering, as well as her children, one with permanent, severe disabilities, including autism, for whom she was fully financially responsible, from Defendant's intentional non-compliance, in detrimental reliance of the likelihood of prevailing in the claim, and once she had prevailed and the Order had been issued.

<u>PARTIES</u>

3.      Plaintiff is a female resident of Adelphi, Maryland and current employee of Defendant.  Defendant's physical address where Plaintiff is officially assigned is at 1111 Constitution Avenue, NW, Washington, DC, 20224.

4.      Defendant Secretary Scott Bessent ("Secretary Bessent") is named in his official capacity as the Secretary for the United States Department of Treasury (the "Treasury" or "Agency").

5.      Secretary Bessent is directly liable for the discriminatory and other actions or omissions of his agents, servants, and employees while acting within the course and scope of their employment, under the theory of *Respondeat Superior*.

6.      Defendant is a federal agency of the United States of America with central operations in the District of Colombia, United States of America.

<u>JURISDICTION AND VENUE</u>

3

7.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and

42 U.S.C. § 2000e-5(f)(3) because this action arises under the laws of the United States.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because

most or all of the events or omissions giving rise to the claims occurred in the District of

Columbia.

<u>BACKGROUND</u>

9.      The following includes matters, in general, with which Plaintiff has been involved

with Defendant to date, starting in 2017 (after 17 years of federal service):  EEOC No. 570-2019-

00531X (Case 1), EEOC No. 570-2019-01083X (Case 2), EEOC No. 570-2020-00010X (Case 3),

EEOC No. 570-2020-01151X (Case 4), EEOC No. 570-2021-00669X (Case 5), EEOC No. 570-

2021-01306X (Case 6), EEOC No. 570-2022-01287X (Case 7), Agency No. IRSCC-22-0941-F

(Case 8), EEOC No. 570-2024-01339X (Case 9), EEOC No. 570-2025-01284X (Case 10), Agency

No. IRSCC-25-0805 (Case 11), EEOC OFO Enforcement Action No. 2024001416 (enforcement

action for non-compliance with Judge's Order, finding liability of Agency for failure to provide a

reasonable accommodation related to a computer protective screen needed by Appellant for her light

sensitivity, etc., but for which Agency is in non-compliance and related EEOC OFO Appeal No.

2025002032), DC-1221-22-0004-B-1/2 MSPB, DC-1221-24-0689-W-1/2, OSC MA-20-001004,

MA-22- 000053, DI-22-000063, DI-24-000108, DI-25-000728, DI-25-000980, MA-24-000235,

MA-25-001509, DCD 1:23-cv-00329-CRC (federal district court matter encompassing EEO/C Cases

1-8, but also which was consolidated with DCD 1:23-cv-03303), DCD 1:25-cv-03987-CRC, and

other matters disclosed to the EEOC, Office of Special Counsel, Merit Systems Protection Board,

Office of Personnel Management, Department of Labor, Internal Revenue Service, Treasury

Department, Occupational Safety and Health Administration, Workman's Compensation Office

Matters at the OWCP, Federal Occupational Health, USPS Contractors for EEO investigations, DSZ private firm contractors for EEO counseling, filings/correspondence with elected officials, multiple FOIA requests, etc.  EEOC matters also include: Appeal Nos. 2021003809, 2021003808, 2021003806, 2022002990, 2022003874, 2022003873, 2022003872, 2022004413, 2023004955, 2023004954, 2024000739, 2024001416, and 2024001430.2024000739, 2024001416, and 2024001430.  The EEO matters at the Treasury Department specifically include: IRSCC-18-0143-F, IRSCC-19-0196-F, IRSCC-19-0713-F, IRSCC-19-1425-F, IRSCC-20-0611-F, IRSCC-21-0210-F, IRSCC-22-0228-F, IRSCC-22-0941-F, IRSCC-24-0939, IRSCC-23-1113, IRSCC-25-0805.  The EEO matters at the Office of Chief Counsel specifically include: CC-18-01, CC-19-03, CC-19-07, CC-19-13, CC-20-10, CC-21-06, CC-22-01, CC-22-11, CC-23-12, CC-24-15, and CC-25-09. Grievance Step 1 filed August 11, 2017 (for mid-year progress report violations in the 2016-2017 fiscal year), and Grievance Step 1 filed September 29, 2017 (for non-selection that Ms. Susan Nieser from Labor and Employe Relations (LER) refused to acknowledge that a non-selection could be subject to a grievance, clearly authorized by the bargaining unit agreement, leaving Plaintiff with no choice but to file the first EEO matter, CC-18-01 in November 2017).  Over 25 matters reported to her local agency's Labor and Employee Relations Anti-Harassment Branch for internal investigation under Agency's anti-harassment policy since 2020, when that anti-harassment policy was first instituted, as Plaintiff had already been reporting harassment to her supervisors prior to 2020.

10.     Case DCD 1:23-cv-00329-CRC, currently pending in the District of Columbia, involves EEOC Cases 1-8 (identified above), but excludes the glare screen issue in EEOC Case 4 that was adjudicated separately (Case 4 Glare Screen Claim) from the other issues in EEOC Case 4, for which Plaintiff prevailed on that issue *pro se* after a 6-day EEOC hearing and judgment was ordered in her favor, which Plaintiff did not appeal.

11.    Case DCD 1:25-cv-03987-CRC, currently pending in the District of Columbia, involves EEOC Case 9 (identified above).

12.    The above referenced DCD cases may be considered related.

FACTS

7.    In approximately July 2001, Plaintiff was extended an offer of employment as an attorney at the Office of Chief Counsel – Internal Revenue Service (Counsel), Income Tax & Accounting Division (ITA).

8.    An SF-50 was executed for Plaintiff on August 25, 2001, containing among other details, that Plaintiff was a member of the Florida Bar and was a "Superior Qualifications Appointment made under REG 531.203(B)."  At the time of Plaintiff's Appointment, she was an Honors Hire, GS-11-8

9.    Plaintiff is presently an Attorney, GS-14-10, and reached 25 years of federal service on October 13, 2025.

10.    Plaintiff has filed cases at the EEOC and other venues seeking to remedy the hostile work environment, retaliation, discrimination, and other unlawful actions and abuses to related to numerous protected bases, which she has been subjected to by Agency, spanning many years, including for failure to provide a reasonable accommodation for almost for years by failing to provide a computer protective screen that can provide protection for UV light, blue light, and glare from computer screens on monitors and laptops.

11.    Plaintiff is a highly credentialed, experienced, and exemplary employee who received increasing levels of responsibility, promotion, details, and awards based on her performance and professionalism.  Plaintiff has degrees from Georgetown University Law Center (JD), New York University School of Law (LLM in Tax) and Tisch Scho0l of the Arts (BFA), and the University of Miami School of Business (MBA).

12.     Faced with the hostile work environment caused by unfounded, gender-based, sexually-charged, malicious rumors targeting her as well as on numerous other protected bases, and onslaught of adverse employment actions on the basis of these protected classes and activities, including retaliation for reporting these violations, that not only negatively impacted her professional career but also personal life, Plaintiff tried to resolve the situation both formally or informally, including by reporting to the Equal Employment Office (EEO) at Counsel and the Office of Civil Rights and Equal Employment Opportunity (OCRE) at the Treasury Department and through the EEOC.

13.     In September 2019 and 2020, Plaintiff was issued Notices of Right to File for the following matters, respectively:  EEOC No. 570-2020-01151X, Agency No. IRSCC-19-1425-F (Case 4), and EEOC No. 570-2021-00669X, Agency No. IRSCC-20-0611-F (Case 5).

14.     After administrative investigations through the Treasury Department OCRE concluded, Plaintiff requested EEOC hearings for these matters, involving many claims including failure to provide a reasonable accommodation for close to four years with a computer protective screen.  The EEOC consolidated these matters, Cases 4 and 5.

15.     On May 3, 2021, the EEOC, through Administrative Law Judge (ALJ) Alyssa Rodriguez, issued a Notice of Intent to Issue Decision without a Hearing In Favor of the Agency and ordered Motions for/against Summary Judgment in Favor of Agency to be filed by Plaintiff and Agency.

16.     In August 2022, the EEOC, through a newly assigned ALJ, Laurie Bennett, issued a Notice of Intent to Issue Decision without a Hearing in Favor of the Agency for all the claims in Cases 4 and 5, except for the failure to provide a reasonable accommodation

claims involving a computer protective screen (Case 4 Glare Screen Claim), for which the ALJ Bennett ordered a settlement conference for the parties separately.

17.     Case 4 (all claims in Case 4 except the Glare Screen Claim) and the Case 4 Glare Screen Claim share the same EEOC No.:  EEOC No. 570-2020-01151X (Case 4); however, these 2 "cases" have been adjudicated separately and put on separate tracks procedurally, substantively, and temporally.

18.     The EEOC ALJ Bennett issued Notice of its intent to find in Plaintiff's favor for Case 4 Glare Screen Claim, with respect to Agency's failure to provide a reasonable accommodation with respect to the computer protective screens and to proceed with hearing if the parties could not reach settlement.

19.     ALJ Bennett issued her preliminary determinations to the parties in August 2022, and at all times subsequently until she ruled in Plaintiff's favor in 2023, that she was inclined to rule in Plaintiff's favor on the Case 4 Glare Screen Claim involving the reasonable accommodation computer glare screen claim, and on multiple occasions thereafter, strongly urged the parties to settle on that issue including shortly before she issued her ruling in Plaintiff's favor around July 12, 2023.

20.     Defendant was aware at all times of this likely adverse result, but nonetheless insisted on proceeding with discovery, Plaintiff's deposition, and a 6-day hearing anyway, once again, costing the Agency and federal government excessive amounts of resources, such as a 6-day hearing with multiple witnesses, at the EEOC, and related actions since, and that resulted in Plaintiff incurring additional substantial costs in expert and attorney's fees, like for discovery and to represent her during the deposition, for which Plaintiff was ultimately order reimbursement for.  There were over 10 witnesses at the hearing.

8

21.     In detrimental reliance on ALJ Bennett's indication that she was inclined to rule in Plaintiff's favor, Plaintiff hired an attorney from Tully Rinckey, the same firm she has consulted with and/or retained multiple times on multiple matters involving the Defendant since 2020, such as EEOC and MSPB matters, to attend the settlement conference with ALJ Bennett and Defendant in August 2022.

22.     The parties did not settle the matter in August 2022 or at any time thereafter, despite ALJ's strong encouragement and urging to do so.

23.     Under the leadership of Associate Chief Counsel Mark Kaizen of General Legal Services at the Office of Chief Counsel - IRS, a General Legal Services employee since 1978 who became head of the GLS in 2000, Agency has engaged in highly questionable and in Plaintiff's view, corrupt practices, for decades, related to employment matters, including related to Plaintiffs' EEO/EEOC claims and cases for many years.  ACC Mark Kaizen abruptly retired from OCC – IRS around May 2025.

24.     Instead of working toward settlement, Plaintiff had to pay out of pocket, and took on debt, for which she still accrues interest (and has gone without repayment of principal since August 2022 for the Case 4 Glare Screen Claim) to pay for attorney's fees and expert witnesses to prosecute her claim, until she had no more money to borrow or to use.

25.     In January 2023, at the conclusion of discovery, Plaintiff had to proceed *pro se* because she did not have the funds to retain attorneys for the remainder of the proceedings and hearing.  Plaintiff would not have incurred any of these costs had ALJ Bennett not indicated on multiple occasions that she was inclined to rule in Plaintiff's favor on this issue, and granted a hearing and discovery.

26.     The EEOC issued summary judgment in favor of Agency without a hearing for all but 1 claim in Cases 4 and 5, on July 5, 2023, excepting for the sole claim of the reasonable accommodation for failure to provide a computer protective screen matter separately adjudicated (Case 4 Glare Screen Claim).

27.     In this adverse ruling against Plaintiff for Cases 4 and 5, ALJ Bennett ordered the Agency to issue a final agency decision to Plaintiff, which were to include appeal rights.

28.     On or around July 12, 2023, the Administrative Law Judge Laurie Bennett (Judge Bennett) issued an order (Order) in Plaintiff's favor after the 6-day hearing for Defendant's failure to provide a reasonable accommodation for the protective computer screens issue in the Case 4 Glare Screen Claim, but reserved her ruling on damages for a separate order to be issued subsequently after the parties had completed their briefing for the damages, and also deferred issuing appeal rights for the Case 4 Glare Screen Claim until the damages ruling was issued.

29.     This Order has not been appealed by either party.  Further, Plaintiff has stated repeatedly and under penalties of perjury, that she did not appeal this Order, nor did she intend to appeal this Order, nor has action been taken to appeal this Order.

30.     As for the other claims in Case 4 (excepting the computer protective screen claim in which Plaintiff prevailed (Case 4 Glare Screen Claim)), Agency issued a Final Agency Decision (FAD) on August 5, 2023.

31.     In this Final Agency Decision for Cases 4 and 5 issued August 5, 2023, Defendant expressly stated that the computer glare screen claim, Case 4 Glare Screen Claim, was adjudicated separately, would be addressed in a separate order to be issued by ALJ Bennett at the EEOC, and that the Case 4 Glare Screen Claim was not part of the Final

Agency Decision. Agency also provided Plaintiff with appeal rights for Cases 4 and 5,

excluding the Case 4 Glare Screen Claim, which had not been fully adjudicated yet.

32.     Plaintiff timely filed an appeal on September 5, 2023, at the EEOC for Cases 4

and 5, excluding the Case 4 Glare Screen Claim, which was adjudicated on a separate track

and on a later trajectory in the timeline. Thus, the Case 4 Glare Screen Claim, having not been

fully adjudicated nor had appeal rights attached, was not part of this appeal at the EEOC by

Plaintiff involving Cases 4 and 5.

33.     ALJ Bennett issued an order, Order, with an award of damages to Plaintiff on

September 29, 2023, as amended on October 4, 2023, for Case 4 Glare Screen Claim, which

included instructions to the parties about their rights, including Agency's requirement to issue

a final agency decision within 40 days and compliance rights if either party failed to comply

with the Order.

34.     In this Order, appeal rights did not attach until at least 40 days had passed from

the date of the Order, by which time Agency was required to issue a final agency decision.

This puts the earliest possible appeal date 40 days after September 29, 2023, which under any

interpretation, is for Case 4 Glare Screen Claim to be around November 8, 2023, or later.

35.     The original Complaint in DC federal district court for Cases 4 and 5 based on

ALJ Bennett's Order in that case dated July 5, 2025, where the FAD was issued around

August 5, 2025, and the EEOC appeal was filed around September 5, 2025, all timely filed by

Plaintiff, was filed within 90 days of receipt of that August 5, 2025, FAD Notice, around

November 2, 2023, and contained in Case 1:23-cv-03303-CRC, now consolidated with DCD

1:23-cv-00329-CRC . Thus, none of these actions involving Cases 4 and 5, occurred prior to

November 8, 2025, around when any appeal rights to Case 4 Glare Screen Claim became ripe,

and thus none of these actions could have included an appeal for the Case 4 Glare Screen, nor did Plaintiff appeal or indicate she was attempting to appeal the Case 4 Glare Screen Claim in her Complaint.  On the contrary, Plaintiff made it known in her November 3, 2023, Complaint (and subsequent Amended Complaints) in DCD Case 1:23-cv-03303-CRC that the Case 4 Glare Screen Claim was not part of her Complaint.

36.     In the Order, Judge Bennett awarded: "Wherefore, within 60 calendar days of the date of this Decision, the Agency is ORDERED to:  • pay Complainant $30,000.00 in nonpecuniary compensatory damages;• reimburse Complainant $34,238.004 for attorneys' fees;  • reimburse Complainant $364.20 for miscellaneous legal fees;• reimburse Complainant $8,275.00 for expert fees;• reimburse Complainant $44.00 for medical records;• restore 100 hours of accrued sick; and• Post the attached Notice, after being signed by the Agency's duly authorized representative, for a period of no less than 90 consecutive days at Department of the Treasury's Washington, D.C. location and electronically on an internal database where the Agency posts EEO information, if any."

37.     Thus, Judge Bennett ordered $72,921 in monetary payment, as well as 100 hours of accrued sick leave.  If putting a dollar amount on the accrued sick leave, what Judge Bennett awarded in total is essentially what Agency conceded in its damages briefing. However, Agency wanted Appellant's attorneys to receive more compensation, around $25,000 more, than what Judge Bennett awarded, rather than have the amount go to Appellant for damages.  Since Agency essentially conceded the total amount of damages in their briefing to ALJ Bennett in July 2023, Defendant's non-compliance is even more violative and suspicious.

38.    Agency was also supposed to post the Notice that was attached to the Judge's Order and has failed to do so.  This may be the primary reason that Agency has tried to bury the Order and not comply.  Plaintiff has called into question TD OCRE's and OCC-IRS' (Plaintiffs' local agency) (in)accurate annual reporting to Congress (about discrimination, etc.) under the No Fear Act, numerous times.  For example, Agency exceptionally rarely loses EEO cases, or at least, exceptionally rarely reports the losses to Congress in its No Fear Act reporting.  If Plaintiff's case gets "disappeared" by intentional efforts of Agency, as appears to be their end game playing out in real time in the Case 4 Glare Screen Claim, then the loss would presumably not have to be reported to Congress, as well as no representative in management at Agency will be held accountable for the liability imposed in the Case 4 Glare Screen Claim.

39.    Neither party appealed the Case 4 Glare Screen Claim at any time.  Thus, pursuant to the Judge's Order of September 29, 2023, the Order became an Agency Final Action, and Agency was required to comply.  See 29 C.F.R. § 1614.504.

40.    Hence, when Agency did not follow the September 29, 2023, Order, of Case 4 Glare Screen Claim by paying Plaintiff, etc. within 60 days of the Order, Plaintiff filed an enforcement action in writing to the EEO Director at the Agency and to the EEOC, per the Order, on December 8, 2023.

41.    The EEOC OFO processed Plaintiff's Enforcement Request, assigning it Appeal No. Appeal No. 2024001416, around December 14, 2023.

42.    Plaintiff has asked Defendant to comply with the Order many times since then, and Defendant is either silent or has fought against its enforcement.

43.     Around early March 2025, Plaintiff sought intervention by her Maryland Senator, Sen. Van Hollen, at the EEOC to check on the status of her enforcement action, which had been filed on December 8, 2023, regarding the Case 4 Glare Screen Claim.

44.     After Sen. Van Hollen's Office inquired as to the enforcement action's status on Plaintiff's behalf, EEOC Office of Field Operations (OFO), the appellate arm of the EEOC for federal employees, abruptly and erroneously dismissed Plaintiff's enforcement action referencing the matter was in federal district court as Agency had tried to argue

45.     Plaintiff immediately sought reconsideration at the OFO, as well as reported the OFO for corrupt practices under the leadership of long-time OFO Director Carlton Hadden, about whom Plaintiff had previously reported other disturbing actions by the OFO under Director Carlton Hadden's leadership to the EEOC in prior matters.  OFO Director Carlton Hadden has apparently subsequently retired.

46.     On September 2, 2025, the Office of Field Operations of the EEOC, issued another erroneous decision (in Appeal No. 2025002032) referencing that the matter was before the federal district court, and suggesting that relief must be sought in federal district court.

47.     On September 30, 2025, Judge Cooper appears to acknowledge that the Case 4 Glare Screen Claim was not included in DCD Case 1:23-cv-00329-CRC (which encompasses DCD Case 1:23-cv-03303-CRC), thus, verifying that the Case 4 Glare Screen Claim was not part of Complaint and Claims currently before it.

INVOCATION OF ADMINISTRATIVE REMEDIES/EXHAUSTION

48.     On July 12, 2023, the EEOC issued a ruling in Plaintiff's favor after a 6-day hearing, reserving damages for a subsequent ruling.

49.     On September 29, 2023, as amended on October 4, 2023, the EEOC issued the damages award, mandating that Defendant comply with the Order within 60 days of its issuance.

50.     When 60 days passed and Agency had not issued a final agency decision nor complied with the Order, Plaintiff notified Agency's EEO Director and the OFO in writing on December 8, 2023, of Agency's non-compliance seeking enforcement.  The EEOC gave the non-compliance enforcement action sought by Plaintiff Appeal No. 2024001416.

51.     On March 13, 2025, the EEOC Office of Field Operations (OFO) issued a decision in Appeal No. 2024001416, to which Plaintiff timely sought reconsideration in Appeal No. 2025002032.

52.     On September 2, 2025, the EEOC Office of Field Operations (OFO) issued an order for the reconsideration matter for Appeal No. 2025002032, closing the case and directing her to seek enforcement relief in federal district court, notifying Plaintiff she had the right to file a civil action in United States District Court within 90 days from the date she received the decision.

53.     This Complaint is filed within 90 days of receipt of that Notice.

CLAIMS

54.     Plaintiff realleges and incorporates by reference all the allegations set forth above.

55.      Plaintiff brings this enforcement action against Defendant pursuant to 29 C.F.R. § 1614.504 and other applicable law, such as the 42 U.S.C. §§ 2000ff et seq., the Rehabilitation act of 1973, as amended, 29 U.S.C. 791(c)/the Americans with Disability Act of 1990, the Civil Rights Act of 1991, related to the EEOC Decision issued in her favor after a 6-day hearing on the sole claim of Defendant's failure to provide a reasonable accommodation related to a computer screen for almost four years to Plaintiff in EEOC No. 570-2020-01151X (Case 4).As further detailed in her Prayer for Relief, Plaintiff seeks enforcement of the Order

and resulting Agency's Final Action, and any other relief that is deemed fair and appropriate. Plaintiff has occurred additional costs, including lawyer's fees, interest on expenses paid, such as for attorney's fees, expert witnesses, and leave used, as well as been subjected to further pain and suffering from Defendant's intentional non-compliance, in detrimental reliance of the likelihood of prevailing in the claim, and once she had prevailed and the Order had been issued.

## COUNT I: VIOLATION OF ORDER AND AGENCY'S FINAL ACTION

56.     Plaintiff herein incorporates the allegations set forth in paragraphs 1 through present.

57.     Plaintiff alleges that Defendant has failed to comply with the Order and Agency's Final Action, and seeks immediate enforcement of the Order and Agency's Final Action, pursuant to 29 C.F.R. § 1614.504 and other applicable law, such as the 42 U.S.C. §§ 2000ff et seq., the Rehabilitation act of 1973, as amended, 29 U.S.C. 791(c)/the Americans with Disability Act of 1990, the Civil Rights Act of 1991.58.

58.     As a result of these acts, Plaintiff has suffered additional damages and harm in an amount and scope to be proven at trial, as well as is entitled to the damages awarded in the Order and finalized in Agency's Final Action, and seeks appropriate relief accordingly.

<u>PRAYER FOR RELIEF</u>

a.     Order compliance with the Order and Agency's Final Action;

b.     Award damages, including punitive, and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct;

c.     Award any out-of-pocket expenses incurred as a result of Defendant's unlawful conduct;

d.   Award reasonable attorneys' fees, costs, and expenses incurred for this action;

e.   Require Equal Employment Opportunity training for the supervisory officials named herein;

f.   Require Supervisory training for the supervisors named herein;

g.   Award equitable, declaratory, and injunctive relief; and

h.   Award such other and further relief as this Honorable Court deems just and proper.

<u>EQUITABLE RELIEF</u>

59. Plaintiff incorporates by reference to, all facts, law, and/or allegations contained in the preceding paragraphs, as if fully set forth herein.

60. Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, presents clear and present dangers to the employees of Defendant and could result in further illegal actions on the part of Defendant, by and through its agents, servants and employees.

WHEREFORE, Plaintiff respectfully prays that this Honorable Court, as appropriate:

a.   Order the Defendant to institute a policy and procedure advising its employees about anti-discrimination laws and implementing enforcement mechanisms;

b.   Order Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

17

c.      Order Supervisory training for the supervisors at issue herein; and

d.      Award such other and further relief as this Honorable Court deems just and proper.

JURY DEMAND

Plaintiff demands trial by jury for all claims which may be so tried.

**Certification and Closing Under Federal Rule of Civil Procedure 11**

By signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

Dated:  November 30, 2025                    Respectfully submitted,

By:      *Kari Fisher*
_____
Kari Fisher, Plaintiff *Pro Se*
2508 Heatherwood Court
Adelphi, MD 20783
Telephone: (301) 996-8523
DC Bar ID#: 475468